John J. SCHUSTER and Eleanor Schuster

v.

BALTIMORE BOAT SALES, INC.

Civ. No. K–79–236.

United States District Court, D. Maryland.

May 15, 1979.

David W. Skeen, and Skeen & Roach, Baltimore, Md., for plaintiffs.

James B. Carson, and Carson & Jones-Bateman, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

█ Plaintiffs allege that defendant negligently, and in violation of defendant's contractual obligation to plaintiffs, failed to prepare plaintiffs' sailboat for winter storage and to store the boat, and that as a result thereof, defendant caused plaintiffs' boat to be damaged. Defendant, asserting lack of federal jurisdiction, has moved to dismiss plaintiffs' claim. There is no federal jurisdiction in this case unless admiralty jurisdiction exists. As to the latter, it does not exist as to plaintiffs' claim sounding in tort because the alleged "damage was caused by strictly land-based actors and actions." *Fireman's Fund American Insurance Co. v. Boston Harbor Marina, Inc.*, 285 F.Supp. 36, 39 (D.Mass.1968) (Wyzanski, C. J.), *aff'd in part, remanded in part on other grounds*, 406 F.2d 917, 919 (1st Cir. 1969) (Aldrich, C. J.) and cases cited thereat;

*Leyendecker v. Cooper*, 1978 AMC 1544, 1546 (D.Md.1978) (Murray, J.). However, the contrary is true as to plaintiffs' claims for breach of contract. As to the latter, admiralty jurisdiction "does not depend on the locale as it does in torts, but rather on the nature and subject of the contract." *Leyendecker v. Cooper, supra* at 1546. *See also Fireman's Fund American Insurance Co. v. Boston Harbor Marina, Inc.*, 285 F.Supp. *supra* at 39; 406 F.2d *supra* at 919.

█ The vessel in question in this case is a pleasure craft. Admiralty jurisdiction is present with respect to tort claims involving such craft. *Richards v. Blake Builders Supply, Inc.*, 528 F.2d 745 (4th Cir. 1975) (Haynsworth, C. J.). While there is an apparent paucity of decided case law as to whether admiralty jurisdiction extends to contract claims relating to such craft, there appears no reason to answer that question otherwise than in the affirmative. *Leyendecker v. Cooper*, 1978 AMC *supra* at 1546.

█ The contract alleged herein by plaintiffs required defendant to "prepare said sailboat for winter storage" (Complaint, par. FOURTH) and to keep the vessel "for commissioning and storage * * * through the winter." (Complaint, par. FIFTH). While a claim for breach of such a storage contract would in and of itself appear to bring admiralty jurisdiction into being, *Fireman's Fund American Insurance Co. v. Boston Harbor Marina, Inc.*, 285 F.Supp. *supra* at 39, the contract in this case allegedly required defendant to prepare the sailboat for winter storage which is sufficiently akin to a repair and servicing contract to treat it in the same way as the latter type of contract is treated for purposes of admiralty jurisdiction. *See* the "repair" contract in question in *Leyendecker* (at 1544) and the "winter storage" and "repair and servicing during winter storage" contract in question in *Fireman's Fund* case (at 39, 40). *See also* the stress by Mr. Justice Pitney in *North Pacific Steamship Co. v. Hall Brothers Marine Railway & Shipbuilding Co.*, 249 U.S. 119, 128, 129, 39 S.Ct. 221, 63 L.Ed. 510 (1919) upon the "nature" and "character" of the services

contracted for as determinative of whether admiralty jurisdiction is or is not present.

Accordingly, by Order issued of even date herewith, defendant's motion to dismiss is granted as to plaintiffs' tort claim and is denied as to plaintiffs' contract claim.