**OMAHA INDEMNITY COMPANY as subrogee of Sea Treats Unlimited, Inc., Plaintiff,**

**and**

**Sea Treats Unlimited, Inc., and Al M. Perlmutter, Intervenors,**

**v.**

**WHALENECK HARBOR MARINA, INC., Leonard Maggio d/b/a Whaleneck Harbor Marina, and John Doe, a fictitious name, the true name being unknown, d/b/a Whaleneck Harbor Marina, Defendants.**

**No. 84 CV 2174.**

United States District Court, E.D. New York.

May 30, 1985.

---

Rassner, Rassner & Olman, New York City, for plaintiff; Donald D. Olman, New York City, of counsel.

Leiby & Welch, New York City, for intervenors; Kenneth L. Leiby, New York City, of counsel.

David Jaroslawicz, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action for negligence, breach of contract and trespass. Plaintiff and in-

tervenors seek to recover for damage to intervenor's yacht, the *S/V Sea Roar*, and they claim the action is within the admiralty jurisdiction of this Court. 28 U.S.C. § 1333. Defendants have moved to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). For the reasons developed below, the motion is denied.

### Facts

Pursuant to a contract between plaintiff, Omaha Indemnity Co. ("Omaha"), and intervenor Sea Treats Unlimited ("Sea Treats"), Omaha insured the hull and machinery of Sea Treats' sailing vessel, the *S/V Sea Roar*. In autumn 1982, Sea Treats and defendants contracted for defendants to store the *Sea Roar* at their boatyard in Nassau County. In March, 1983, while in storage on dry land, the *Sea Roar* fell from its cradle and was damaged. Omaha paid Sea Treats $7,092.96 pursuant to the insurance policy.

Omaha, subrogated to Sea Treats' rights against defendants, then commenced this action, alleging negligence and breach of contract by defendants. Sea Treats was granted leave by this Court to intervene. It, too, alleges negligence and breach of contract by defendants, and seeks to recover for the uninsured portion of their loss. Additionally, Sea Treats claims defendants wrongfully refused to return the *Sea Roar* after it was repaired, and seeks damages for that trespass.

### Discussion

Admiralty jurisdiction over maritime torts is traditionally determined by reference to the situs of the tort and its relationship to traditional maritime activity. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 253–61, 93 S.Ct. 493, 497–501, 34 L.Ed.2d 454 (1972). Admiralty jurisdiction over contract claims, on the other hand, is determined by reference to the nature and subject of the contract. *Schuster v. Baltimore Boat Sales, Inc.*, 471 F.Supp. 321, 322 (D.Md.1979). If the contract "relate[s] to ships in their use as ships or to commerce or transportation in

navigable waters," there is admiralty jurisdiction. *Ford Motor Co. v. Wallenius Lines, M/V Atlantic Cinderella,* 476 F.Supp. 1362, 1365 (E.D.Va.1979).

Defendants argue that the claims by plaintiff and intervenors are simple negligence claims, which, because they arose out of damage to the *Sea Roar* occurring on land, while the boat was in winter storage, are not within the jurisdiction of this Court. *See Executive Jet Aviation, Inc. v. City of Cleveland, supra.* Further, contend defendants, the mere fact that plaintiff and intervenors have alleged contract claims does not change the nature of the action from tort to contract. This, they say, is solely a tort claim. *See Schmidt v. Merchants Despatch Transportation Co.,* 270 N.Y. 287, 280 N.Y.S. 836, 200 N.E. 824 (1936).

Plaintiff and intervenors cannot, and do not, seriously contend that there is admiralty jurisdiction over the tort claims. *See Executive Jet Aviation, Inc. v. City of Cleveland, supra; Medema v. Gombo's Marina Corp.,* 97 F.R.D. 14, 15 (N.D.Ill. 1982). The tort occurred on land and had no more connection with maritime activity than if a sea captain's car was damaged in a repair shop.

Plaintiff and intervenors do, however, maintain that they have stated admiralty claims for breach of contract over which this Court has jurisdiction, and that ancillary jurisdiction then exists for the tort claims.

■ Plaintiff's complaint, fairly read, alleges that Sea Treats and defendants contracted for defendants to store the *Sea Roar* during the winter of 1982–83. An unexecuted copy of that contract accompanies plaintiff's memorandum of law. When there is a contract between parties, and one party seeks to recover for damages to property or to pecuniary interests only, that party may be entitled to sue either in contract or in tort. *See Paver & Wildfoerster v. Catholic High School Association of New York,* 38 N.Y.2d 669, 382 N.Y.S.2d 22, 345 N.E.2d 565 (1976). I am prepared to assume that plaintiff has a claim in

contract. The question remains, however, whether there is admiralty jurisdiction over these contract claims.

■ It is undisputed that admiralty jurisdiction exists over actions arising out of contracts to store and repair or service vessels taken out of navigable waters. *Medema v. Gombo's Marina Corp., supra,* 97 F.R.D. at 15–16; *Schuster v. Baltimore Boat Sales, Inc., supra,* 471 F.Supp. at 322; *Fireman's Fund American Insurance Co. v. Boston Harbor Marina, Inc.,* 285 F.Supp. 36, 39 (D.Mass.1968), *aff'd in part, rev'd in part on other grounds,* 406 F.2d 917 (1st Cir.1969). Neither the pleadings nor the contract reflect that defendants were to perform any repairs or service on the *Sea Roar;* the contract required defendants only to store the vessel for the winter. Defendants claim such a contract is not subject to admiralty jurisdiction.

The question presented by defendants' motion was addressed by the Court in *Medema v. Gombo's Marina Corp.,* 97 F.R.D. 14 (N.D.Ill.1982). The *Medema* Court rejected any distinction between contracts solely for storage and contracts to store and repair. *Id.* at 16. Of more significance to the Court was that the contract was only for winter storage; the vessel was to be used in navigation the remainder of the year. The Court deemed such a seasonal storage contract analogous to the storage of pleasure craft on land between intermittent weekend use: "the dry storage is analogous to docking and admiralty jurisdiction exists because '[t]he boats were not withdrawn from navigation.'" *Id.* (quoting *American Eastern Development Corp. v. Everglades Marina, Inc.,* 608 F.2d 123, 124 (5th Cir.1979).

■ The *Medema* Court's reasoning is persuasive. Storage of a vessel for the winter does not reflect an intent to take the vessel out of navigation in any permanent sense. Rather, it is a sensible response to the imperatives of winter; and its purpose is to preserve the vessel for future use in navigation. A winter storage contract, even in the absence of a repair or service

provision, certainly relates to a ship in its use as a ship. *See Ford Motor Co. v. Wallenius Lines, M/V Atlantic Cinderella, supra.*

Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is denied. Because the negligence and trespass claims arise out of the same nucleus of operative facts as the contract claims, the Court will exercise ancillary jurisdiction over the former. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

SO ORDERED.