William ZIEGLER, as Owner of the Yacht "GEM," Plaintiff,

v.

Brion RIEFF, Brion Rieff Yacht Builders, Inc. and Saybrook Marine Service, Defendants.

No. 86 Civ. 468 (CHT).

United States District Court, S.D. New York.

June 4, 1986.

Healey & McCaffrey, New York City, for plaintiff; Thomas H. Healey, of counsel.

McGlynn, Reed, Hense & Pecora, Point Pleasant, N.J., for defendant Saybrook Marine Service; Raymond F. Reed, of counsel.

## OPINION

TENNEY, District Judge.

The plaintiff, William Ziegler ("Ziegler"), brought this action against the defendants

seeking compensation for the loss of certain accessories and fittings, which the plaintiff claims were lost or stolen from his yacht while it was in the care, custody and control of the defendants. Saybrook Marine Service ("Saybrook"), one of the defendants, now moves to dismiss the action, pursuant to Fed.R.Civ.P. ("Rule") 12(b), claiming that the Court lacks subject matter and personal jurisdiction.[1] Saybrook also contends that the action should be dismissed because the plaintiff brought the action in the wrong venue.

For the reasons set forth briefly below, the Court concludes that there is admiralty jurisdiction over the plaintiff's contract claims and the Court will exercise ancillary jurisdiction over the plaintiff's negligence claims. The Court also concludes that the proper venue for this action is Connecticut, and, therefore, directs that the case be transferred to the United States District Court for the District of Connecticut.

## DISCUSSION

### 1. *Subject Matter Jurisdiction*

■ The plaintiff contends that the instant action is within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333, because the claim arose out of a maritime contract.[2] The Court agrees.

The plaintiff claims that the defendants agreed to take custody of and care for his boat. Specifically the plaintiff argues that he "arranged for defendants ... to care for, service, transport and harbor his yacht, the 'GEM.'" Affidavit in Opposition, at 1. The plaintiff's complaint, fairly read, essentially alleges that the defendants contracted to either dock or store the plaintiff's yacht.[3]

---

1. The defendants Brion Rieff ("Rieff") and Brion Rieff Yacht Builders, Inc. ("Rieff Builders") have not submitted any papers to date.

2. There is no diversity jurisdiction in this case since all the parties are from Connecticut. The plaintiff and the defendant Rieff are both residents of Connecticut. Rieff Builders is also

located in Connecticut. Saybrook is incorporated in Connecticut and has its principal place of business there. Complaint, ¶ 1–3.

3. It is not clear from the papers whether the agreement between the parties was written or oral. It is immaterial, however, since maritime contracts need not be in writing to be valid and

■ Admiralty jurisdiction over contract claims is determined by reference to the nature and subject of the contract. *See Ford Motor Co. v. Wallenius Lines,* 476 F.Supp. 1362, 1365 (E.D.Va.1979). *Schuster v. Baltimore Boat Sales, Inc.,* 471 F.Supp. 321, 322 (D.Md.1979). The crucial question is whether the relevant agreement has a "maritime flavor." *Ford v. Wallenius,* 476 F.Supp. at 1366.

■ It is well established that contracts for service or repair of vessels are maritime in nature. *See Schuster v. Baltimore,* 471 F.Supp. at 322; *Fireman's Fund American Ins. Co. v. Boston Harbor Marina, Inc.,* 285 F.Supp. 36, 39 (D.Mass.1968), *rev'd on other grounds,* 406 F.2d 917 (1st Cir.1979); *Leyendecker v. Cooper,* 1978 A.M.C. 1544, 1546 (D.Md. 1978). Recent cases have also held that contracts for seasonal storage of a vessel are maritime in nature and provide a sufficient basis for finding admiralty jurisdiction. *See, e.g., Omaha Indemnity Co. v. Whaleneck Harbor Marina, Inc.,* 610 F.Supp. 154, 156 (E.D.N.Y.1985); *Medema v. Gombo's Marina Corp.,* 97 F.R.D. 14, 15 (N.D.Ill.1982); *American Eastern Dev. Corp. v. Everglades Marina, Inc.,* 608 F.2d 123, 124 (5th Cir.1979); *Schuster v. Baltimore,* 471 F.Supp. at 322. These courts reasoned that storage contracts were similar to contracts for repairing a vessel. *See Omaha Indem. v. Whaleneck,* 610 F.Supp. at 155–56. In *Everglades Marina,* the court noted that storage contracts are also similar to contracts involving docking and wharfage. *See* 608 F.2d at 124; *see also Selame Assoc., Inc. v. Holiday Inns, Inc.,* 451 F.Supp. 412, 418 (D.Mass.1978) ("A contract to provide wharfage or storage is a maritime contract and a breach of this contract is cognizable in admiralty.").

The Court agrees that it is appropriate to consider storage contracts as being maritime contracts. Storing a vessel may increase or preserve the vessel's seaworthiness, and, therefore, a storage contract has a direct connection with navigation.

In the instant case, it is not clear from the papers whether the parties agreed that the boat would be kept on land or in the water. The result is the same, however, in light of the cases and reasoning set forth above. There is a strong maritime flavor to the agreement at issue here, and the plaintiff's yacht was not removed from navigation as a result of the agreement.[4] Indeed, it appears that the purpose of the agreement was to ensure that the yacht would be available and in reasonable condition when the plaintiff wished to use it.

Accordingly, the Court concludes that there is admiralty jurisdiction in the instant case, and the defendant's motion to dismiss for lack of subject matter jurisdiction is denied. Because the negligence claims being asserted arise out of the same nucleus of operative facts as the contract claims, the Court will exercise ancillary jurisdiction over the negligence claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### 2. *Personal Jurisdiction and Venue*

■ In federal admiralty practice, personal jurisdiction and venue analyses

---

enforceable. *See T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 588 (5th Cir.), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *Tarstar Shipping Co. v. Century Shipline, Ltd.,* 451 F.Supp. 317, 323 (S.D.N.Y.1978), *aff'd,* 597 F.2d 837 (2d Cir.1979); *Selame Assoc., Inc. v. Holiday Inns, Inc.,* 451 F.Supp. 412, 418 (D.Mass.1978).

**4.** Saybrook contends that it did not enter into an agreement with the plaintiff. *See* Affidavit of Raymond F. Reed, ¶¶ 2–3. Saybrook raises this issue by denying that it entered into an agreement with the plaintiff, and then stating, without any further comment, that "Brion Rieff was a tenant at Saybrook Marine Service." Apparently Saybrook is arguing that any agreement that exists was between the plaintiff and the other defendants, Rieff or Rieff Builders, and that Saybrook was not a party to or bound by such an agreement. The issue, however, has not been briefed and will not be considered at this time.

It should also be noted that there has been no allegation that the plaintiff's boat was still under construction so that the case would involve a contract to build a vessel, rather than a storage contract. *See* 1 Benedict, *Admiralty* § 189 (1981).

merge so that venue is proper in any district in which valid service of process may be had on the defendant. *See Ingersoll Milling Machine Co. v. J.E. Bernard & Co.,* 508 F.Supp. 907, 909 (N.D.Ill.1981); *Gipromer v. S.S. Tempo,* 487 F.Supp. 631, 633 (S.D.N.Y.1980); *Societe Commerciale de Transports Transatlantiques v. S.S. "African Mercury",* 366 F.Supp. 1347, 1349 (S.D.N.Y.1973). The question of whether a non-domiciliary defendant is amenable to service is determined in accordance with the applicable state long-arm statute. *See Ingersoll v. Bernard,* 508 F.Supp. at 909.

■ In the case at bar, the plaintiff has alleged no facts that would indicate that personal jurisdiction can be asserted over any of the defendants under New York's long-arm statute. *See* N.Y. C.P.L.R. § 302 (McKinney 1972). Indeed, the plaintiff has failed to point to *any* connection between New York and the litigation. As previously noted, all of the parties reside or are located in Connecticut.

Saybrook, who is moving to dismiss the complaint, is incorporated and has its principal place of business in Connecticut. In addition, the purported loss or theft of property occurred in Connecticut. Saybrook contends that it has had no contacts with this district and therefore is not subject to in personam jurisdiction, and that venue is improper. *See International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) and its progeny. In response, the plaintiff argues that he should be permitted to engage in preliminary discovery in order to ascertain what contacts the defendants have had with this district. The plaintiff also states that if venue is improper, he has no objection to having the case transferred to the proper court. *See* Affidavit in Opposition, at 2.

Although the Court would be willing to permit the plaintiff to engage in preliminary discovery for jurisdictional purposes,

this appears to be an unnecessary expenditure of time and money. It appears that the interests of justice would best be served by transferring the case to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). All of the parties are in Connecticut, and the alleged loss of property occurred there. In addition, the plaintiff does not object to having the case transferred. *See* Affidavit in Opposition, at 2.

It is not necessary to determine whether there is personal jurisdiction over the defendants in this district merely to transfer the case. The court has the power to transfer an action even if the court lacks personal jurisdiction over the defendants. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978); *Gipromer v. SS Tempo,* 487 F.Supp. at 632.

Having determined that this action should be transferred brings the entire discussion back to the proposition that venue is proper in any district in which valid service of process may be had on the defendant. *See* 1 *Moore's Federal Practice* ¶ 0.144[13.1] (2d ed. 1979). The only question which remains unanswered, therefore, is whether the defendants in this action could have brought this action in the district court in Connecticut. Counsel for Saybrook states in an affidavit that "both Defendants are in Connecticut [and the] alleged incident occurred in Connecticut." Affidavit of Raymond F. Reed at ¶ 6. He also contends in that affidavit that this case should be determined under the laws of Connecticut. These statements are consistent with the allegations set forth in the plaintiff's complaint. Thus, it appears from the record that the plaintiff could have brought this action in Connecticut.[5] The Court concludes, therefore, that the case should be transferred.

In sum, the defendant's motion to dismiss the action for lack of subject matter jurisdiction and personal jurisdiction is de-

---

5. After the case has been transferred, Saybrook may renew its motion to dismiss for lack of personal jurisdiction if there is a meritorious

basis for asserting that the court in Connecticut does not have in personam jurisdiction.

nied. The action is hereby transferred to the United States District Court for the District of Connecticut.

So ordered.