**BAY FIREWORKS, INC., Plaintiff,**

v.

**FRENKEL & CO., INC., Intermodal Transportation Services, Inc., The Miller Insurance Group, Ltd., Lloyds of London, Ltd., AGF Aviation Marine Transport, Union Dry Dock & Repair Co., Defendants.**

No. 04–CV–2463(ADS)(ETB).

United States District Court, E.D. New York.

March 5, 2005.

The Creadore Law Firm by Donald E. Creadore, Esq., New York City, for plaintiff Bay Fireworks, Inc.

Nicoletti Hornig Campise Sweeney & Paige by Michael A. Castelli, Esq., of Counsel, New York City, for defendants Frenkel & Co., Inc., and AGF Aviation Marine Transport.

McMahon, Martine & Gallagher by Patrick Walsh Brophy, Esq., New York City, for defendant Intermodal Transportation Services, Inc.

Thomas E. Stiles, ESQ., Brooklyn, NY, for defendant Union Dry Dock & Repair Co.

No Appearance for The Miller Insurance Group, Ltd., and Lloyds of London, Ltd.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is the motion of defendants Frenkel & Co., Inc., ("Frenkel"), AGF Aviation Marine Transport ("AGF"), and Union Dry Dock & Repair Co. ("UDD") to dismiss the complaint of Bay Fireworks, Inc., ("BFI" or the "Plaintiff") (collectively, the "Defendants"), on the basis of res judicata, or in the alternative, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, UDD moves to dismiss the complaint on the basis that it is not subject to personal jurisdiction in New York.

## BACKGROUND

BFI is in the business of producing fireworks displays, large and small, throughout the United States. As part of its business, BFI frequently utilizes marine barges to release the fireworks from a safe distance off the coastline. On July 4, 2001, BFI produced a fireworks display off the coast of Atlantic City, New Jersey. Prior to the show, BFI leased two barges to be used as fireworks platforms from Donjon Marine Co. ("Donjon"). During the show, an accident occurred that caused damage to the two barges that were situated off the coastline.

It is alleged that Frenkel, BFI's insurance broker, procured insurance that covered the July 4, 2001 display of fireworks performed in Atlantic City. Donjon, the owner of the barges, required a marine insurance policy as a condition to its charter party agreement. On July 5, 2001, BFI reported the claim to Frenkel to recover the damages that were sustained during the show. Frenkel then reported the claim to AGF, the underwriter, and defendant Intermodal Transportation Services, Inc. ("ITS"), a marine surveyor.

Frenkel accepted the claim and undertook to have the repairs made by UDD within 21 days for a total cost of $112,000. BFI paid a $10,000 deductible to the Frenkel in connection with the claim. In October 2001 the first barge was repaired. In December 2001, the second barge was returned without any repairs having been made to it. According to BFI, the owner of the barges, Donjon, agreed to settle the claim with AGF for a lump sum payment instead of repairing the barge. On January 8, 2002, Donjon and AGF executed a general release for the physical damage sustained by the second barge with payment to Donjon in the sum of $67,000. BFI contends that it never approved or

consented to the settlement that AGF entered into.

During this time, BFI remained liable for daily charter fees pursuant to the charter party agreement with Donjon. Although the charter agreement was set to expire on July 6, 2001, by its terms it continued in force and effect until the barges were returned to Donjon. By the time the general release was executed and the barges were returned, the additional charter fees totaled $187,000. BFI refused to pay the fees and advised Donjon that the additional fees were solely attributable to the acts and omissions of the Defendants.

In 2002, Donjon commenced a civil action against BFI in the United States District Court, District of New Jersey, index number 02CV841, ("New Jersey Action") seeking compensatory damages of $187,000, representing the additional daily charter fees that had accrued. On August 11, 2003, BFI filed a third party complaint against the Defendants. In the third party complaint, BFI contended that "to the extent that the delays in the repairing of the Barges are attributable to third-party defendants, in whole or in part, then each of them is liable to BFI, in whole or in part, for the amounts demanded by Donjon." Four of the third-party defendants filed motions to dismiss the third party complaint under Rule 16(f) for failing to comply with a court order mandating that BFI serve and file its third-party complaint by August 8, 2003. In the alternative, the third-party defendants also moved to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action.

On March 30, 2004, the Honorable Joel A. Pisano granted the third-party defendants' motion to dismiss. The order stated the following:

The Court afforded [BFI] at least two opportunities to file and serve a third-party complaint, and [BFI] concedes that it failed to comply in both instances. [BFI]'s responsive pleading was due on or before February 14, 2003. On or about July 15, 2003, the Court, on [BFI]'s motion, entered an order granting [BFI] leave to file and serve a third-party complaint by or before July 31, 2003. On or about July 24, 2003, the Court granted [BFI]'s second motion for leave to file a third-party complaint, setting August 8, 2003 as the new deadline for filing. But [BFI] did not file a third-party complaint until August 11, 2003, and did not serve the complaint until September 3, 2003. To be sure, the Court will not tolerate unjustifiable violations of court orders. [BFI] claims merely that the Third–Party Defendants have suffered no harm, but raises no valid explanation for its disregard of the Court's July 24, 2003 Order. On this basis alone, dismissal of the third-party complaint is appropriate. *See* Fed. R.Civ.P. 16(f) (providing in pertinent part "[i]f a party or party's attorney fails to obey a scheduling or pretrial order ... the judge, upon motion or the judge's own initiative, may [make] such orders with regard thereto as are just ...").

*Donjon Marine Co., Inc., v. Bay Fireworks, Inc.*, No. 02–841, Letter Order at 2 (D.N.J. March 30, 2004).

In addition, the court declined "to consider any legal arguments raised by [BFI]'s Affidavit in Opposition because it flagrantly violates this Court's local rules regarding affidavits." Thus, the court entirely disregarded BFI's legal arguments and conclusions and dismissed the complaint for this additional reason.

BFI sought reconsideration of the court's March 30, 2004 order. On May 13, 2004, the court denied BFI's motion for reconsideration. First, the court summarized the previous order, stating: "The

Court granted the motion for dismissal because [BFI] violated a court order setting an extended deadline for filing the third-party complaint. Additionally, the Court disregarded [BFI]'s legal arguments in opposition to the motion to dismiss because they were raised improperly in an affidavit." *Donjon Marine Co.*, CV No. 02–841, Letter Order at 1 (D.N.J. May 13, 2004).

Second, the court explained that it "treated [the affidavit] not as a reason for granting dismissal, but as a basis for rejecting Bay's legal arguments and conclusions in support of its position." *Id.* at 3.

In conclusion, the Court stated: "Overall, [BFI] has raised no new evidence of offered any meritorious arguments that this Court misapplied the law or any facts. Bay lightly regarded both a Court order and Court Rules in this case. The outcome of this, not surprisingly, is unfavorable for [BFI]. Thus, the motion for reconsideration is denied." *Id.*

On June 15, 2004, BFI commenced an action in this Court against the same Defendants. The complaint states: "BFI contends that to the extent the delays in the repair of the Barges are attributable to the defendants, in whole or in part, then each of them is jointly and severally liable to BFI, in whole or in part, for the amounts demanded by Donjon." Frenkel, AGF, and UDD moved to dismiss the complaint, arguing that the dismissal of the case from the District of New Jersey bars a subsequent action in this Court. In the alternative, the Defendants claim that the complaint fails to state a claim under Fed. R.Civ.P. 12(b)(6). In addition, UDD argues that the Court has no personal jurisdiction over it.

## DISCUSSION

### I. The Doctrine of Res Judicata

■ The doctrine of res judicata or claim preclusion simply means that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or claims. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir.2002); *Waldman v. Village of Kiryas*, 207 F.3d 105, 108 (2d Cir.2000); *U.S. v. Alcan Aluminum*, 990 F.2d 711 (2d Cir.1993). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *accord St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir.2000). "Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir.1980). Thus, res judicata not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir.1985); *see also L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87–88 (2d Cir.1999).

■ To determine whether res judicata applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001).

■ At issue in this case is whether the dismissal, pursuant to Rule 16(f), operates

as an adjudication on the merits. Rule 16(f) states, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order ..., or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed.R.Civ.P. 16(f). Among the sanctions available in Rule 37, the court may issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C).

Generally a dismissal of an action under Rule 37 is considered a judgment on the merits. *Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir.1964); *Snyder v. Yonkers Pub. Sch. Dist.*, 315 F.Supp.2d 499, 502 (S.D.N.Y.2004). "The Second Circuit has squarely held that when a first action is dismissed for failure to comply with discovery orders and a second action is brought on the same claim, by the same plaintiff that claim should be barred." *Id.* (citing *Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35 (2d Cir.1978)). However, implicit behind this rational is that sanctions under Rule 37 are normally invoked during the discovery portion of the action, and hence, the Rule is located in the "Discovery" portion of the rules.

Dismissal under Rule 37 "is a drastic remedy that should be imposed only in extreme circumstances ..., usually after consideration of alternative, less drastic sanctions. Dismissal under Rule 37 is warranted, however, where a party fails to comply with the court's *discovery* orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176–

77 (2d Cir.1988) (emphasis added) (citation omitted); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (holding that dismissal was improper when imposed due to the plaintiff's failure to continue a deposition); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066–68 (2d Cir.1979) (holding that a grossly negligent failure to obey an order compelling discovery may justify Rule 37 sanctions).

In this case, the dismissal order was not issued for failing to comply with a discovery order. The order clearly states that BFI failed to comply with a deadline to file and serve a third-party complaint. Apparently, there would be no discovery between the parties before the third-party defendants were brought into the case. As such, if discovery had never even taken place the order cannot be considered "on the merits" simply because it was issued as a Rule 37 sanction.

The Defendants correctly contend that Rule 41(b) governs the effect of a court's involuntary dismissal. The Second Circuit has declared that it is "well established that Fed.R.Civ.P. 41(b) states the effect to be accorded a dismissal under Fed. R.Civ.P. 37." *Papilsky v. Berndt*, 466 F.2d 251, 254 (2d Cir.1972). Rule 41(b) states:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19,

operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

In addition to the three stated exceptions in Rule 41(b), the Second Circuit has recognized other exceptions to the default provision under Rule 41(b) where an order fails to state whether it is jurisdictional, or with or without prejudice. *Criales v. American Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir.1997). Quoting the Supreme Court in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), the Second Circuit stated:

> If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.

*Criales*, 105 F.3d at 96 (quoting *Costello*, 365 U.S. at 286, 81 S.Ct. at 545).

The Second Circuit has interpreted this to mean that the preclusive effect of Rule 41(b) only applies when a defendant incurs the inconvenience of addressing the merits of a claim. *See Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir.1964). Likewise, Rule 41(b) does not preclude a future suit if there is an initial bar to the court reaching the merits, such as when there is a defect in the pleadings or the parties. *Id.*

As such, the Second Circuit recognizes "that the term lack of jurisdiction as used in Rule 41(b) [is] a term of art ... encompassing failure to comply with statutory prerequisites...." *Criales*, 105 F.3d at 95. This exception has been applied in numerous instances where there is an initial bar to the court reaching the merits of a claim. *See, e.g., Saylor v. Lindsley*, 391 F.2d 965, 967, 969 (2d Cir.1968) (holding that a dismissal of an action for failure to post bond did not operate as an adjudication on merits); *Papilsky*, 466 F.2d at 256–57 (holding

that dismissal for failure to answer interrogatories does not bar an identical cause of action); *Weston Funding Corp. v. Lafayette Towers, Inc.*, 410 F.Supp. 980, 984 (S.D.N.Y.1976) (stating that a court should rigorously examine the grounds for dismissal and refrain from "blindly or talismanically labeling a dismissal as one with or without prejudice ...."); *see also* 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 2373 (2004).

Indeed, the Supreme Court has recognized that the default provision in Rule 41(b)—stating that "a dismissal is 'upon the merits,' with the three stated exceptions, unless the court 'otherwise specifies' " —is "peculiar" and arguably violates the jurisdictional limitation of the Rules Enabling Act. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503, 121 S.Ct. 1021, 1025–26, 149 L.Ed.2d 32 (2001); 28 U.S.C. § 2072(b). The Rules Enabling Act states the Rules of civil procedure "shall not abridge, enlarge or modify any substantive right." *Id.* The Supreme Court explained that the extinguishing of a claim solely on the basis of "Rule 41(b)'s mandated claim-preclusive effect" of a federal court's judgment "would seem to violate this limitation." *Semtek*, 531 U.S. at 503–04, 121 S.Ct. at 1026. In conclusion, *Semtek* held that unless the court specifically states that a dismissal is "with prejudice," then the effect of a Rule 41(b) dismissal is that, unlike a dismissal without prejudice, the dismissal only bars refiling of the same claim in the same federal district court.

This case presents a unique set of circumstances. The District Court in the New Jersey Action specifically stated that the basis for dismissal was that BFI did not meet a court imposed deadline to file the third-party complaint. The order, and the order on reconsideration, were both

silent as to whether the dismissal was with or without prejudice. As instructed by the Supreme Court in *Semtek*, silence in a Rule 41(b) dismissal only bars refiling of the same claim in the *same* federal district court. As such, the silence in the order alone cannot be construed to bar the filing of the instant action in the Eastern District of New York when that court never reached the merits of the action.

The New Jersey District Court also stated that it disregarded BFI's opposition to the motion to dismiss the merits of the claim on a procedural technicality, namely, the failure to conform its argument to the local rules. Effectively, by failing to address the Plaintiff's opposition, the court never reached the merits of the case even though its decision is couched as an involuntary dismissal under Rule 41(b). *Criales* instructs that a court should "not permit the choice of labels to distort substance, especially where the consequence would be so drastic as to deprive a party of the opportunity to be heard." *Criales*, 105 F.3d at 97; *see also Fay v. South Colonie Central Sch. Dist.*, 802 F.2d 21, 29 (2d Cir.1986) ("In properly seeking to deny a litigant two days in court, courts must be careful not to deprive him of one.").

Furthermore, the Court finds that the District of New Jersey's court-imposed deadline for filing the third-party complaint was a "prerequisite" for filing the action. This is so because the Plaintiff could have easily avoided the deadline altogether by bringing a separate action, rather than a third-party complaint against the Defendants. Effectively this would have cured the defect of missing the court-imposed deadline and avoided the dismissal of the action under 41(b). If dismissal for failure to comply with a "statutory prerequisite" is not an adjudication on the merits, it follows that a dismissal for failing to

comply with a court-imposed prerequisite is also not an adjudication on the merits. *See Criales*, 105 F.3d at 98.

For all these reasons, the Court finds that the doctrine of res judicata does not bar this action from being filed in this Court. Also, this Court notes that its determination does not alter or vacate the ruling of that court, although it appears that this Court has discretion to revisit that court's determination. *See Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77 (2d Cir.2005).

## II. Rule 12(b)(6) Motion to Dismiss

### A. Standard

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). "In addition to the forgoing standard governing Rule 12(b)(6) motions, the Court must be mindful of the relevant rules of pleading. In general, a plaintiff need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R.Civ.P. 8(a)(2), and 'all pleadings shall be

construed as to do substantial justice,' Fed.R.Civ.P. 8(f)." *Protter v.Nathan's Famous Sys., Inc.,* 904 F.Supp. 101, 105 (E.D.N.Y.1995).

## B.  Choice of Law

The threshold issue that the Court must decide is what law governs this case—New York State, New Jersey, or general maritime law. Neither party briefed this issue. Frenkel and AGF simply assume that New York law governs, while the Plaintiff and UDD assume that New Jersey law governs, and none of the parties suppose that general maritime law may be governing.

█ In its complaint, BFI invokes the Court's admiralty jurisdiction under 28 U.S.C. § 1333 and seeks to recover under a marine insurance policy. "It is well established that cases involving marine ... insurance policies fall within the federal court's admiralty jurisdiction, especially when, as here, the policy's provisions exclusively relate to maritime commerce." *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 161–62 (2d Cir. 1998) (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 199 (2d Cir.1992)). The contract for maritime insurance in this case possesses the requisite "maritime" or "genuinely salty flavor." *See Folksamerica Reinsurance Co. v. Clean Water of N.Y., Inc.,* 281 F.Supp.2d 530, 533 (E.D.N.Y.2003); *Lloyds of London v. Montauk Yacht Club & Inn,* 704 F.Supp. 1175, 1176 (S.D.N.Y.1989).

█ Maritime contracts are analyzed under general federal maritime law, including federal choice-of-law rules. *Sundance Cruises Corp. v. American Bureau of Shipping,* 7 F.3d 1077, 1080 (2d Cir. 1993). Federal maritime law requires a court to determine the scope, validity, and the consequences of breaching a maritime contract by using state law. *Advani,* 140 F.3d at 162 (quoting *Wilburn Boat Co. v.*

*Fireman's Fund Ins. Co.,* 348 U.S. 310, 316, 75 S.Ct. 368, 371, 99 L.Ed. 337 (1955)). Using federal choice of law principles, the Court finds that New Jersey state law applies to this action because all of the events occurred in New Jersey and the subject matter of the policy was at all times in that state.

█ Likewise, as for the claims that sound in tort, New Jersey law applies where federal maritime law does not exist. *Becker v. Poling Transp. Corp.,* 356 F.3d 381, 388 (2d Cir.2004); *see also Mentor Ins. Co. v. Brannkasse,* 996 F.2d 506, 513 (2d Cir.1993) ("In admiralty cases, federal maritime law applies where it exists.")

## C.  As to Frenkel and AGF

In the complaint, BFI claims that Frenkel and AGF was negligent in investigating and adjusting the claim, exalted its own interests over its insured, and failed to perform pursuant to the terms of the underlying agreement.

### 1.  Negligence Claims

█ An insurance broker is a professional who owes a certain duty of care to its clients and third parties. *Rena, Inc. v. Brien,* 310 N.J.Super. 304, 327–28, 708 A.2d 747, 760 (N.J.Super.A.D.1998). "Indeed, an insurance broker or agent has been held to have 'a duty of care not only to the insured with whom the broker contracts but also to other foreseeable parties injured by the broker's or agent's negligence." *Id.* (quoting *Carter Lincoln–Mercury, Inc. v. EMAR Group, Inc.,* 135 N.J. 182, 196, 638 A.2d 1288 (1994)).

Here, Frenkel and AGF argue that an insurance broker can only breach his or her duty by failing to procure the requested coverage. However, under New Jersey law it is clear that an insurance broker "is expected to possess reasonable knowledge of the types of policies, their different terms, and the coverage available in the

area in which his principal seeks to be protected." *Rider v. Lynch*, 42 N.J. 465, 476–77, 201 A.2d 561 (1964). An insurance broker "ordinarily invites" clients to rely upon such expertise "in procuring insurance that best suits their requirements." *Id.* Therefore, to state a claim, "[i]t is sufficient to show that [the client] authorized procurement of the insurance needed to cover the risks indicated and that the broker agreed to do so but failed or neglected to perform his duty." *Id.*

■ The Plaintiff has met this standard. The complaint states that "Frenkel understood that BFI wanted Frenkel to obtain a marine insurance policy that provided coverage for ... charter fees that may accrue in the event that repairs to be made to the Barges are not completed before the expiration of the Charter Party Agreement." Further, the complaint alleges that Frenkel and AGF negligently failed to advise BFI that the actual policy procured did not provide for such coverage. Moreover, the complaint alleges that Frenkel and AGF failed to advise BFI that such additional coverage was available for an extra premium. As such, the Court finds that the complaint is sufficient to state a claim based on negligence.

### 2. Contract Claims

■ Frenkel and AGF contend that BFI's causes of action for purported breach of the covenants of good faith and fair dealing must be dismissed under New York law because they are duplicative of the alleged breach of contract claim. While it is true that New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and a breach of contract on the same facts, *see New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290, 662 N.E.2d 763 (1995), it appears that New Jersey law does not have a similar restriction. *See Sons of Thunder, Inc.*

*v. Borden, Inc.*, 148 N.J. 396, 422–23, 690 A.2d 575, 588 (1997); *1266 Apartment Corp. v. New Horizon Deli, Inc.*, 368 N.J.Super. 456, 461, 847 A.2d 9, 11 (2004) (stating that a breach of the implied covenant may give rise to a cause of action for damages for breach of contract). Accordingly, the Court denies Frenkel and AGF's motion to dismiss the Plaintiff's claim for breach of the covenants of good faith and fair dealing.

### III. Personal Jurisdiction Over UDD

■ In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001). Where, as here, the parties have not yet conducted discovery, the plaintiff may defeat such a motion by "pleading in good faith ... legally sufficient allegations of jurisdiction, *i.e.*, by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)).

■ In federal admiralty practice, personal jurisdiction is proper in any district in which valid service of process may be had on the defendant. *Ziegler v. Rieff*, 637 F.Supp. 675, 677–78 (S.D.N.Y.1986). "The question of whether a non-domiciliary defendant is amenable to service is determined in accordance with the applicable state long-arm statute." *Id.* The New York long-arm statute authorizes personal jurisdiction over non-domiciliaries under certain circumstances. Under N.Y. C.P.L.R. § 302(a)(1), the Court may exercise jurisdiction over the defendant if (1) the defendant transacts business within New York, and (2) the claims against the defendant arises out of that business activity. N.Y. C.P.L.R. § 302(a)(1) (McKinney's 2001). A non-domiciliary "transacts

business" within the state when he "purposely avails [himself] of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (internal quotations omitted).

▆ UDD argues that the complaint does not even allege any basis for personal jurisdiction. The defendant asserts that it is a New Jersey corporation with its only place of business in Hoboken, New Jersey. UDD explains that it was contacted at its offices in New Jersey and requested to submit a bid for repair work on two barges. A barge was brought to it facility, and work was performed on it there. According to the defendant, it has never had any contacts with New York and it does not transact business, or supply goods or services in New York.

In response, BFI produced a series of communications by and between UDD, BFI, and its insurance agents. BFI argues that these communications along with its acceptance of UDD's offer, present a sufficient basis for this Court to find that personal jurisdiction is proper. However, upon review of BFI's submissions, the Court finds them to be inadequate. All of the documents are communications to UDD, except for one that is a fax from UDD to defendant ITS in New Jersey. Even if these faxes were from UDD to businesses located in New York, it is well-settled that faxes and the solicitation of business without more cannot constitute "transacting business within the statute." *O'Brien v. Hackensack Univ. Med. Ctr.*, 305 A.D.2d 199, 201, 760 N.Y.S.2d 425, 427 (1st Dep't 2003). Accordingly, the UDD's motion to dismiss the complaint for lack of personal jurisdiction is granted.

### CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED,** that the Defendants' motion to dismiss the complaint based on the doctrine of res judicata is DENIED; and it is further;

**ORDERED,** that the motion by Frenkel & Co. anf AGF Aviation Marine Transport to dismiss the complaint pursuant to Rule 12(b)(6) is DENIED; and it is further

**ORDERED,** that the motion by Union Dry Dock & Repair Co. to dismiss for lack of personal jurisdiction is GRANTED; and it is further

**ORDERED,** that the Clerk the Court is directed to amend the caption of this case to read as follows:

**ORDERED,** that the parties are directed to contact United States Magistrate Judge E. Thomas Boyle forthwith to schedule the completion of discovery.

**SO ORDERED.**