James **SAMUELS**, Plaintiff–Appellant,

v.

**NORTHERN TELECOM, INC.,**
Defendant–Appellee.

No. 1530, Docket 91–7161.

United States Court of Appeals,
Second Circuit.

Argued May 17, 1991.
Decided Aug. 28, 1991.

Michael H. Sussman, Goshen, N.Y. (Law Offices of Michael H. Sussman, of counsel), for plaintiff-appellant.

Bertrand B. Pogrebin, Mineola, N.Y. (Mark N. Reinharz, Rains & Pogrebin, P.C., of counsel), for defendant-appellee.

Before CARDAMONE and PIERCE, Circuit Judges, and LASKER, District Judge.[*]

PIERCE, Senior Circuit Judge:

James Samuels appeals from a judgment of the United States District Court for the Southern District of New York, Vincent L. Broderick, *Judge*, granting the summary judgment motion of defendant Northern Telecom, Inc. ("NTI") and dismissing Samuels' complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. For the reasons set forth below, we affirm.

## BACKGROUND

Samuels, a black male, worked as a supervisor at NTI, a telecommunications company until September 12, 1988, when he was discharged. On October 8, 1988, less than a month after he was fired, Samuels brought suit against NTI in the United States District Court for the Southern District of New York (Mary Johnson Lowe, *J.*). In his complaint, Samuels alleged that he was discharged without cause three weeks after he gave deposition testimony deemed damaging to NTI in a civil rights suit brought by another discharged worker. Samuels' complaint set forth the following causes of action: 1) that he was discharged on the basis of his race in violation of 42 U.S.C. § 1981; 2) that he was subjected to disparate terms and conditions of employment in that he was expected to testify dishonestly in order to keep his job in violation of 42 U.S.C. § 1981; and 3) that NTI

violated the express terms of 42 U.S.C. § 2000e–3 (Title VII) when it discharged him for giving unfavorable deposition testimony in the prior lawsuit, which was "itself commenced to vindicate the rights of black persons against employment discrimination." NTI answered the complaint, essentially denying all the allegations.

On June 15, 1989, while Samuels' case was pending in the district court, the Supreme Court handed down its decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). *Patterson* held that racial harassment relating to the conditions of employment is not actionable under 42 U.S.C. § 1981. Although the issue of whether section 1981 applied to discriminatory or retaliatory terminations was not specifically before the *Patterson* Court, the majority opinion expressly limited section 1981's coverage to discriminatory conduct in the formation of contracts and actions by a defendant to deny plaintiffs access to the legal system. Thus, *Patterson* appeared to preclude further use of the statute to challenge discriminatory discharges.

A status conference was held before Judge Lowe on November 17, 1989. According to an affirmation signed by Adrianne Fennell Bonifacio, an associate in plaintiff's attorney's office who appeared at the conference on plaintiff's behalf, Judge Lowe stated that in light of *Patterson*, the claim arising under section 1981 could not proceed, and that "as there was no Title VII action plead, the matter in its entirety should be dismissed." Thereafter, on November 20, 1989, counsel for NTI sent a stipulation to plaintiff's counsel, Michael Sussman, that read in its entirety:

> IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties that this action is hereby withdrawn with prejudice and without costs or attorneys' fees to either side.

Mr. Sussman was either ill or was engaged out of the office on November 20, 1989. Ms. Bonifacio signed and returned the stip-

---

[*] The Hon. Morris E. Lasker, United States District Judge for the Southern District of New York, sitting by designation.

ulation. Thereafter, Judge Lowe "so ordered" and filed the stipulation on November 30, 1989.

On August 9, 1990, after obtaining a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), Samuels filed a second complaint in the United States District Court for the Southern District of New York (Vincent L. Broderick, *J.*), alleging that his termination was in violation of his rights under Title VII. The causes of action in the second complaint were almost identical to those specified in the first complaint except that no section 1981 cause of action was pleaded.

NTI moved to dismiss and/or for summary judgment claiming, *inter alia,* that the action was barred by *res judicata* arising from the stipulation withdrawing the earlier action with prejudice. Judge Broderick granted the motion for summary judgment after stating "I'm very unhappy about this case because I feel very strongly that the plaintiff here has a legitimate claim and I think the original problem is one that was created through inadvertence. However, Plaintiff's counsel did file— signed a stipulation dismissing the complaint with prejudice and the plaintiff is bound by that stipulation." Judgment dismissing the plaintiff's suit was entered on February 4, 1991.

This appeal followed.

## DISCUSSION

*Res Judicata Effect of November 20, 1989 Stipulation*

A stipulation dismissing an action with prejudice can have the preclusive effect of *res judicata.* "A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." *Nemaizer v. Baker,* 793 F.2d 58, 60 (2d Cir.1986); *see also Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955). A dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous

action, "but as to all relevant issues which could have been but were not raised and litigated in the suit." *Nemaizer,* 793 F.2d at 61 (quoting *Heiser v. Woodruff,* 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946)); *see also Saud v. The Bank of New York,* 929 F.2d 916, 919 (2d Cir.1991). Samuels argues that the stipulation dismissing the first action does not bar his subsequent action. We are constrained to reject this argument.

A straightforward application of the well-settled principles of *res judicata* set forth above requires that this suit be dismissed. The first complaint can only be read as having specifically pleaded a cause of action under Title VII, along with claims under section 1981. Paragraph 20, the fourth and final paragraph of section V of the complaint entitled "Causes of Action," alleged that "Defendant violated the express terms of 42 U.S.C. sec. 2000e–3 [Title VII] when it terminated the plaintiff...." Given its placement in the complaint and its unambiguous language, this paragraph cannot plausibly be described as having merely "referenced" Title VII, as appellant asserts. It gives the defendant explicit notice that it allegedly violated section 2000e–3 of Title VII and characterizes this allegation as a cause of action.

We also may not ignore this direct notice pleading simply because its inclusion in the complaint makes little logical sense or because the Title VII claim was premature. Samuels notes that at the time he filed his initial complaint he had not exhausted the administrative procedures required in order to bring a Title VII claim and therefore the district court was without jurisdiction to consider a Title VII claim. He also points out that the assertion of jurisdiction in the complaint did not refer to Title VII, belying any intent to make a claim under that statute.

It is true that Title VII requires that certain procedures be followed before a district court can exercise jurisdiction over a Title VII claim, including filing a timely charge with the EEOC and receiving a right to sue letter, neither of which Samuels had accomplished when he filed his

first complaint. Nonetheless, whether inadvertent or inartful, paragraph 20 stands as one of three explicitly pleaded causes of action. It cannot be disregarded as mere surplusage. Also, even though the district court may not have had jurisdiction to consider the plainly-pleaded Title VII claim, *res judicata* still applies. *See, e.g., Nemaizer,* 793 F.2d at 64 ("Even assuming that this case was not properly within the jurisdiction of the district court, appellees may not now collaterally attack that court's exercise of jurisdiction."); *Lambert v. Conrad,* 536 F.2d 1183, 1185 (7th Cir. 1976) ("a prior decision remains a bar to a future action even though it now appears that the court had no jurisdiction in the prior action").

Moreover, even if Samuels' first complaint was merely drafted overbroadly, or included material that the parties and perhaps the district court deemed inconsequential,[1] it took on heightened significance when the parties agreed to dismiss with prejudice. Upon reaching that point, the complaint deserved renewed scrutiny by the parties because of the preclusive effects of a dismissal with prejudice. To be sure, a dismissal *with prejudice* was a risky choice if future litigation was contemplated, since it would wipe out all claims that *could* have been asserted in the dismissed suit. *Nemaizer,* 793 F.2d at 61. While the drafting of a qualified stipulation or one that specifically listed the causes of action being withdrawn would seem to have been the better course to follow, this is not what occurred herein.

Plaintiff is bound by his attorney's decision to sign the stipulation of withdrawal. That stipulation stated that "this action is hereby withdrawn with prejudice." As we have discussed, the "action" so withdrawn

included—for whatever reason—an express Title VII cause of action. *Res judicata* may not be avoided on the basis of overbroad pleading appearing in the initial complaint or an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice. Accordingly, we must affirm the district court's decision that the subject complaint herein is barred under established principles of *res judicata.*[2]

Like the district court, we regret the result in this case. Samuels' claim that he was terminated as a direct result of the testimony he gave in another employment discrimination case does not at all appear to be frivolous. Although he was given a retroactive salary increase by his employer in the winter of 1988 in recognition of his satisfactory performance, Samuels was dismissed in September 1989 just three weeks after giving deposition testimony unfavorable to NTI. The first negative report on plaintiff's performance, which detailed long-past incidents, appeared only ten days after Samuels gave his deposition. Faced with these disturbing allegations, it would be preferable if plaintiff could have his day in court. Unfortunately, however, that possibility is foreclosed by the circumstances presented herein, even if they were only inadvertent.

## CONCLUSION

The judgment of the district court is affirmed.

---

1. Even if Judge Lowe, as appellant contends, viewed the case as one raising claims solely under section 1981, we must base our decision on the plain language of Samuels' complaint.

2. Samuels did not seek relief from the final judgment pursuant to Fed.R.Civ.P. 60(b). Even if he had, however, it is unlikely that such relief would have been granted. The only grounds in Rule 60(b) arguably providing a basis for relief are those in subsection (1) for "mistake, inadvertence, surprise, or excusable neglect." However, this court has "consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" *Nemaizer,* 793 F.2d at 62 (quoting *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976)).