967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin Eugene TROUT, Defendant-Appellant.
 No. 91-50520.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 23, 1992.
 
 Before WALLACE, Chief Judge, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM
 
 1
 Trout appeals from his sentence, imposed following his guilty plea to possession with intent to distribute approximately 4,890 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).
 
 
 2
 Trout was arrested in Spring Valley, California, and charged in a one-count information with possession of a controlled substance with intent to distribute. Pursuant to a plea agreement, Trout pleaded guilty to this charge on August 8, 1990. In the plea agreement, the government promised to move for a downward departure under U.S.S.G. § 5K1.1 provided that Trout substantially assisted the government in other prosecutions. Consequently, sentencing was postponed and Trout was released on bond.
 
 
 3
 While on release, Trout became involved in a conspiracy to manufacture methamphetamine in Georgia, and was subsequently convicted for that offense. Following his conviction, but before his sentencing in the Georgia case, Trout was sentenced for his California conviction. The government, in accordance with the plea agreement, moved for a downward departure from the Guidelines range of 360 months to life in prison, and recommended a sentence of 10 years with a subsequent 5-year period of supervised release. Trout argued for a greater downward departure, largely based on the fact that the presentence report in the Georgia case was recommending a life sentence for his Georgia conviction.
 
 
 4
 The district judge, after considering Trout's "atrocious" record, his significant role in the California crime, and his commission of another offense while awaiting sentencing for the California offense, observed that "were it not for [Trout's] cooperation as outlined by the Government's counsel, this is the first [drug] case that I've had that I would have ... seriously considered a life sentence on, because of the record and everything else." Consequently, the judge sentenced Trout to a term of imprisonment of 15 years, with a 5-year period of supervised release. Following the imposition of sentence, and probably in response to Trout's plea for leniency based on the pending conviction in Georgia, she said "I know this will be tough, given the situations that were described, but I also just can't count on Atlanta. He might win on appeal or whatever. So I have to, I feel, in some respects, sentence according to what I think this case deserves."
 
 
 5
 Trout raises several arguments, but the basis of each is that the district judge failed to depart far enough. However, we lack jurisdiction to consider an appeal based upon dissatisfaction with the extent of the downward departure. United States v. Dickey, 942 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 6
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4