OFFICIAL PUBLICATIONS,
INC., Plaintiff,

v.

KABLE NEWS COMPANY, INC., Daniel
Friedman and Alfred W. Holpp, Jr.,
Defendants.

No. 85 Civ 1464 (LAP).

United States District Court,
S.D. New York.

Jan. 14, 1993.

See also 775 F.Supp. 631.

Barry I. Fredericks, Law Offices of Barry I. Fredericks, New York City, for plaintiff.

I. Michael Bayda, Jacobs Persigner & Parker, New York City, for defendants.

### MEMORANDUM AND ORDER

PRESKA, District Judge.

Defendants Kable News Company, Inc. ("Kable"), Daniel Friedman and Alfred W. Holpp, Jr. have moved for an order granting summary judgment pursuant to Federal Rules of Civil Procedure 56(b) on the ground that the claims asserted in the second amended complaint are barred by the doctrine of *res judicata*. Because the dismissal with prejudice of the parallel state court action is *res judicata* as to this action, Kable's motion for summary judgment is granted.

### Background

Plaintiff Official Publications, Inc. ("Official") publishes various magazines for distribution and sale both domestically and abroad. Defendant Kable is a national distributor of magazines. Defendants Daniel Friedman and Alfred W. Holpp, Jr. are Kable's principal officers.

From 1961 to 1983, Official and Kable had a contractual relationship whereby Kable bought magazines from Official and then sold these magazines to wholesalers at a discounted price. The distribution agreements specified the discount to be given to certain wholesalers based on labor costs in the wholesaler's region. Each month, Kable sent Official a statement which indicated the lump sum of discounts that Kable granted wholesalers.

Official alleged in its seconded amended complaint that, among other things, the defendants defrauded it by granting excess and unauthorized discounts to certain wholesalers and then charging such discounts to Official's account, thereby reducing Official's profits. Second Amended Complaint ¶¶ 18, 19. Official further alleged that it first became aware of this practice in 1984 when Kable altered its billing statements to specify the discounts and allowances given by Kable to each individual wholesaler rather than showing only the total of all discounts granted. *Id.*

On August 4, 1988, Judge Edelstein granted the defendants' motion to dismiss on the basis that: (1) diversity jurisdiction did not exist; and (2) Official had not stated a viable cause of action. *Official Publications, Inc. v. Kable News Co., Inc.*, 692 F.Supp. 239 (S.D.N.Y.1988), *rev'd*, 884 F.2d 664 (2d Cir.1989). Judge Edelstein also denied Official leave to amend its complaint further. *Id.* at 247. Official appealed that decision.

In December 1988, subsequent to Judge Edelstein's decision and prior to the decision of the Second Circuit, Official commenced an action against Kable (but not Messrs. Friedman and Holpp) in the Supreme Court of the State of New York, New York County (the "Official Action"). That action was "predicated on many of the same allegations alleged in the Complaint filed in this Court." Affirmation of Barry I. Fredericks, Esq. in Opposition to Defendant's Motion for Summary Judgment ("Fredericks Affirmation") ¶ 4.[1] According to Fredericks, the Official Action "was commenced prior to the determination by

---

1. The federal action and the Official Action arise out of the same core of operative facts. Indeed, several of the causes of action are identical. The Second Cause of Action in the second amended complaint, breach of fiduciary duty, is identical to the Sixth Cause of Action in the Official Action. The Fourth Cause of Action in the second amended complaint, a claim for an accounting, is identical to the Eighth Cause of Action in the Official Action. The Fifth Cause of Action in the second amended complaint, a purported claim for punitive damages, is identical to the Ninth Cause of Action in the Official Action. Although the second amended complaint in the federal action contains a RICO claim, the complaint in the Official Action does not.

the Second Circuit to avoid any problem with regard to the running of the Statute of Limitations...." *Id.* ¶ 4.

Within a few days of the commencement of the Official Action, Kable commenced an action against Mr. Fredericks (Official's attorney) and H. Lawrence Herbert (the former principal of Official) in the Supreme Court of the State of New York alleging that Messrs. Fredericks and Herbert violated section 71 of the New York State Civil Rights Law (the "Kable Action"). The Kable Action alleged that the Official Action was commenced without the knowledge and consent of the then-present owners of Official.[2]

In August 1989, the Second Circuit issued its opinion which, *inter alia,* granted Official leave to replead its RICO claims. *Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664. According to Mr. Fredericks, in light of the decision of the Second Circuit and the dispute as to the ability of Herbert to pursue the Official Action, Herbert agreed to dismiss the Official Action. Fredericks Affirmation ¶ 10. At the same time, Kable agreed to dismiss the Kable Action. Fredericks Affirmation ¶ 10. Both actions were "dismissed with prejudice." Affidavit of I. Michael Bayda, Esq. dated May 21, 1992 ¶ 8; *Official Publications, Inc. v. Kable News Company, Inc.,* Index No. 11348/90 (N.Y.Sup.Ct. July 20, 1990).

In February, 1990, Official filed its second amended complaint. Kable then answered and moved for summary judgment on the grounds that no material issue of fact existed and that as a matter of law defendants were entitled to judgment because the discounts granted had been authorized by Official. Defendants' second motion for summary judgment was denied. In May, 1992, Kable again moved for summary judgment based on the dismissal of the Official Action with prejudice.

*Discussion*

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Exxon Corp. v. Central Gulf Lines, Inc.,* 780 F.Supp. 191 (S.D.N.Y.1991). The moving party bears the initial burden of demonstrating the absence of a material issue of fact. *Exxon v. Central Gulf Lines, Inc.,* 780 F.Supp. 191. Once the moving party has met this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243, 106 S.Ct. 2505, 2506, 91 L.Ed.2d 202 (1986). In the instant action, there is no dispute as to the facts presented, and for the reasons set forth below, as a matter of law, summary judgment must be granted to the defendants.

██ The rationale for *res judicata* is "to promote judicial efficiency and certainty in legal relations and [to] bar[ ] repetitive litigation on the same cause of action." *Cahill v. Arthur Andersen & Co.,* 659 F.Supp. 1115, 1120 (S.D.N.Y.1986), *aff'd,* 822 F.2d 14 (2d Cir.1987). As stated by Justice Douglas:

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment

---

2. At the time the federal action was commenced, Mr. Herbert owned and controlled Official. Subsequently, Official was sold, and, at the time of the sale, Herbert was assigned the right to continue to pursue the claim against Kable. Fredericks Affirmation ¶ 8. After the Official Action was commenced in state court, Mr. Fredericks was contacted by Official's current counsel who indicated that he read the assignment only to allow Mr. Herbert to pursue the federal cause of action. Fredericks Affirmation ¶ 7.

on the merits of a cause of action, the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Anaconda–Ericsson Inc. v. Hessen* (*In re Teltronics Services, Inc.*) 762 F.2d 185, 190 (2d Cir.1985), *quoting, Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (citations omitted). Thus, it does not appear that the sequence of court filings controls the application of *res judicata*. Rather, where parallel actions are commenced, *res judicata* will attach to the action in which a judgment is first entered.

 In this Circuit, "a stipulation dismissing an action with prejudice can have the preclusive effect of *res judicata.*" *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir.1991). A dismissal with prejudice serves as an adjudication on the merits and bars subsequent suits by the plaintiff on the same causes of action. *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir.1986); *Cahill v. Arthur Andersen & Co.*, 659 F.Supp. at 1120. Not only is the plaintiff barred as to matters actually litigated in the prior action but as to all relevant issues which could have been, but were not, raised in the earlier action. *Samuels v. Northern Telecom, Inc.*, 942 F.2d at 836; *Nemaizer v. Baker*, 793 F.2d at 61.

In *Samuels*, the plaintiff, a black man, had been fired less than one month after giving deposition testimony damaging to his employer in a civil rights suit. Plaintiff filed an action for employment discrimination in federal court under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e–3 ("Title VII"). While that case was pending, the Supreme Court handed down its decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which implied that § 1981 did not cover employment discrimination. *Samuels v. Northern Telecom, Inc.*, 942 F.2d at 835. Based on this decision, Samuels agreed to dismiss his action with prejudice. Later, after obtaining a right to sue letter from the EEOC, Samuels filed a second action alleging violations of Title VII. *Id.* at 836.

The Second Circuit affirmed the district court's dismissal of the action under the doctrine of *res judicata,* writing:

> *Res judicata* may not be avoided on the basis of overbroad pleading appearing in the initial complaint or an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice.

\* \* \* \* \* \*

> Faced with these disturbing allegations, it would have been preferable if plaintiff could have his day in court. Unfortunately, however, that possibility is foreclosed by the circumstances presented herein, even if they were only inadvertent.

942 F.2d at 837

 Considering the facts here in the light most favorable to the non-moving party, it is assumed that Official abandoned its state court action only because the Second Circuit had reinstated its federal action. *See* Fredericks Affirmation ¶¶ 10, 11. However, neither mistake nor unintentional error can form the basis for an exception to the general rule, in this Circuit, that a stipulation of dismissal with prejudice will bar re-litigation of those dismissed claims under the doctrine of *res judicata. See Samuels*, 942 F.2d at 837. Thus, the claims dismissed in the Official Action are barred.

 The doctrine of *res judicata* bars causes of action specifically pleaded in the earlier-resolved action as well as claims that could have been pleaded in that action. *See Samuels v. Northern Telecom, Inc.*, 942 F.2d at 836. Here, Official alleged RICO claims in its first federal complaint but not in the Official Action. Thus, at the time the Official Action was commenced in state court, Official had sufficient knowl-

edge to plead RICO if it so chose. Since state and federal courts have concurrent jurisdiction over RICO claims, *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990); *accord, Simpson Elec. Corp. v. Leucadia, Inc.,* 72 N.Y.2d 450, 534 N.Y.S.2d 152, 530 N.E.2d 860 (N.Y.1988), Official's RICO claim could have been plead in the Official Action and, therefore, is now also barred.

■ The doctrine of *res judicata* also bars litigation of the same causes of action against defendants who were known to plaintiff at the time the first action was filed but were not named where the newly-added defendants have a sufficiently close relationship to the original defendant. *See Ruskay v. Jensen,* 342 F.Supp. 264 (S.D.N.Y.1972), *aff'd sub nom. Ruskay v. Waddell,* 552 F.2d 392 (2d Cir.), *cert. denied,* 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); *Cahill v. Arthur Andersen & Co.,* 659 F.Supp. 1115, 1122–23; *Morgan Consultants v. American Telephone and Telegraph Co.,* 546 F.Supp. 844 (S.D.N.Y. 1982). Where the "new" defendants are sufficiently related to one or more of the defendants in the previous action which arises from the same transaction all defendants may invoke *res judicata. Morgan Consultants v. AT & T,* 546 F.Supp. 844, 847, n. 5 (S.D.N.Y.1982).

■ At the time of the filing of the Official Action, the identity of the individual defendants, Friedman and Holpp, was known to plaintiff; in fact, the original complaint in federal court named these individual as defendants. The individuals were then and are now alleged to be principal officers of Kable who committed wrongful acts in their capacity as officials of Kable. As officers of Kable, the individual officers are sufficiently related to defendant Kable, such that they are not "independent." Additionally, the federal action and the Official Action arise from the same set of operative facts. Accordingly, the doctrine of *res judicata* also serves to bar the prosecution of this action against defendants Friedman and Holpp.

*Conclusion*

For the above reasons, defendant's motion for summary judgment is granted, and the plaintiff's complaint is dismissed with prejudice.

SO ORDERED.