UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABUL A. ALI,
Plaintiff-Appellant,

v.

BIH J. JENG,
Plaintiff,                                          No. 95-2485

v.

GEORGE P. FERRERI; DANIEL J.
MESZLER,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-708-S)

Submitted: April 16, 1996

Decided: June 4, 1996

Before HAMILTON and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Glen M. Fallin, Westminster, Maryland, for Appellant. J. Joseph Cur-
ran, Jr., Attorney General, Kathy M. Kinsey, Assistant Attorney Gen-

eral, Susan F. Martielli, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abul A. Ali appeals the district court's order granting summary judgment to the Appellees based upon collateral estoppel and res judicata in this employment discrimination action. Finding no reversible error, we affirm.

Ali and Bih J. Jeng filed this action against two former supervisors of the Maryland Department of the Environment (the"Department"), alleging employment discrimination on the basis of gender in violation of 42 U.S.C. §§ 1983, 1985 (1988). The basis for their action was the selection of a woman, Marcia Ways, to fill the vacant position of the Chief of the Engineering and Technology Assessment Division within the Department's Air Management Administration in May 1992. Appellees Ferreri and Meszler were sued as Defendants in their individual capacities. Finding the action barred by res judicata and collateral estoppel, the district court granted the Defendants' motion for summary judgment. Ali timely appealed that order; Jeng did not appeal. Accordingly, only Ali is pursuing this appeal.

Ali and Jeng filed their first action alleging employment discrimination ("Ali I") in 1992. In that action, they alleged that the State and two supervisors (different from those named in the instant case) discriminated against them on sixteen different occasions based upon race, national origin, and retaliation for previous complaints. Among the sixteen incidents was the promotion that is the subject of the present action. Ali and Jeng were represented by counsel in their first case. The district court awarded summary judgment to the Defendants

2

on all claims in Ali I. On appeal, we affirmed the district court in all respects.

Ali and Jeng then filed this action against two different supervisors. The complaint alleges the failure-to-promote claim relating to the selection of Marcia Ways. That claim is identical to one of the sixteen claims raised in Ali's first action. Although Ali now names two different supervisors as defendants, those supervisors' actions in selecting Ways were discussed and evaluated in the first action, because they were the primary participants in the decision to promote Ways to the position of Division Chief.

We review the district court's award of summary judgment de novo. Higgins v. E.I. Du Pont de Nemours & Co. , 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In ruling on a motion for summary judgment, we must assess the evidence in the light most favorable to the non-moving party. Charbonnages de France v. Smith , 597 F.2d 406, 414 (4th Cir. 1979). Although summary judgment disposition should be used sparingly in employment discrimination cases, it is appropriate where there is no genuine dispute of material fact. Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir.), cert. denied, 484 U.S. 897 (1987).

We find that the district court properly granted summary judgment to the Appellees in this case based upon collateral estoppel and res judicata. Collateral estoppel acts to bar Ali's litigation of issues in this case that were already decided in his first action. Collateral estoppel applies when: (1) the issues litigated in the first action are, in substance, the same as the issues in the second action; (2) the issues were actually determined; (3) the issues were necessary to a final judgment; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issues. Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311-12 (4th Cir. 1987), aff'd on other grounds, 496 U.S. 498 (1990). Collateral estoppel applies in employment discrimination actions to bar relitigation of issues that were decided in a previous action brought against an employer. Thurston v. United States, 810 F.2d 438, 444-45 (4th Cir. 1987).

3

With respect to the selection of Marcia Ways, Ali conceded in Ali I that the Department was entitled to summary judgment on that claim because he failed to first file his claim with the EEOC. However, because Jeng declined to concede that the Department was entitled to summary judgment on that claim, the district court in Ali I considered that claim on the merits. Defendant Meszler was on the panel that interviewed all candidates for the position. Candidates with the top three scores were recommended for a follow-up interview with Meszler, who directly supervised the position, and with Ferreri, the Director of the Air Management Administration. Marcia Ways received the highest score of all candidates interviewed for the position, and was selected for the position. Neither Ali nor Jeng scored high enough in the panel interview to qualify for a follow-up interview.

Thus, the district court in Ali I properly found that Ali and Jeng produced no evidence of discrimination to rebut the Department's stated reasons for selecting Ways to fill the position. Ali did not specifically challenge those findings on appeal. Thus, Ali is barred by collateral estoppel from relitigating an issue that was already decided against him in Ali I. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179-81 (4th Cir. 1989) (summary judgment on statute of limitations grounds constitutes judgment on merits precluding relitigation of same claim); Samuels v. Northern Telecom, Inc. , 942 F.2d 834, 836-37 (2d Cir. 1991) (dismissal of first case with prejudice was dismissal on merits that precluded second action, despite fact that plaintiff had not exhausted administrative procedures required to bring Title VII claim). As a party to the Ali I case, Ali is bound by all factual findings and rulings made in that case, even if directed at a co-plaintiff. Virginia Hosp. Ass'n v. Baliles, 830 F.2d at 1312 (collateral estoppel applies to parties to a case); Maryland Auto. Ins. Fund v. Soffas, 599 A.2d 837 (Md. Ct. Spec. App. 1991) (ruling on motion for summary judgment against co-party bound intervenor-plaintiff; under doctrine of collateral estoppel, issues of fact and law that are decided in a case are binding on all parties before the court). This is especially true where, as here, Ali is making the exact same claims based on the same set of operative facts.

Moreover, we have upheld dismissal of a Title VII case based on collateral estoppel where the appellate court in the first case affirmed

4

only on non-merits grounds. <u>Stebbins v. Nationwide Mut. Ins. Co.</u>, 528 F.2d 934, 937-38 (4th Cir. 1975), <u>cert. denied</u>, 424 U.S. 946 (1976). In <u>Stebbins I</u>, the trial court made alternative findings on merits and procedural grounds. On appeal, we affirmed only on non-merits grounds. Despite lack of affirmance on the merits, we upheld the district court's dismissal of Stebbins' second action on the basis that it would be unfair to burden the defendant with a second action when the reason that the first action was not decided on the merits was due solely to Stebbins' failure to exhaust administrative remedies. <u>Stebbins</u>, 528 F.2d at 938. In the instant case, we affirmed <u>Ali I</u> on the merits; this provides even more reason to uphold the district court's grant of summary judgment based upon collateral estoppel.

We also find that the district court properly relied upon res judicata to bar this action. This is at least the second attempt by Ali to litigate his claims of employment discrimination. Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. <u>Meekins v. United Transp. Union</u>, 946 F.2d 1054, 1057 (4th Cir. 1991). The doctrine bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. <u>Id.</u>; <u>Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc.</u>, 892 F.2d 355, 359 (4th Cir. 1989), <u>cert. denied</u>, 497 U.S. 1005 (1990). Thus, Ali should have brought his claims against Ferreri and Meszler in his first action. He may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts.

The record clearly demonstrates that Ali has had ample opportunity to offer any evidence he has in support of his claims of employment discrimination, be they based upon gender, race, religion, or national origin. Ali has repeatedly failed to offer any such proof. Accordingly, the district court properly found that Ali's second attempt to litigate his claims is barred by collateral estoppel and res judicata. We therefore affirm the district court's order granting summary judgment to the Defendants. We dispense with oral argument because the facts

5

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6