Mauricio CRIALES, Plaintiff–Appellant,

v.

AMERICAN AIRLINES, INC.,
Defendant–Appellee.

No. 1390, Docket 95–9170.

United States Court of Appeals,
Second Circuit.

Argued April 19, 1996.

Decided Jan. 21, 1997.

Mauricio Criales, Pro Se, Woodside, N.Y., for Plaintiff–Appellant.

Edward Cerasia, II, New York City (Seyfarth, Shaw, Fairweather & Geraldson, New York City, of counsel), for Defendant–Appellee.

Before: MINER, McLAUGHLIN, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Mauricio Criales, appearing *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Senior Judge*), dismissing his complaint. The complaint alleges in part that Criales's employer American Airlines, Inc. ("AA"), discriminated against him by reason of his Hispanic origin in violation of 42 U.S.C. § 2000e *et seq.* (codifying Title VII of the Civil Rights Act of 1964). The district court dismissed the complaint for a number of reasons including that the Title VII claims were barred by res judicata because of the previous dismissal of similar claims. In the unusual circumstances of this case, we conclude that the Title VII claims were not barred by res judicata.

We therefore reverse that portion of the judgment which dismissed Criales's Title VII claims on res judicata grounds.

## I. Background

This case has a rather complex procedural history, which we explain here in some detail because it is crucial to our decision.

Criales is an American citizen who was born in the Republic of Colombia and is Hispanic. In November 1990, he was hired by AA to work as an airline mechanic at John F. Kennedy International Airport. The complaint alleges that his co-workers harassed

and ridiculed him because of his Latino origin, and that AA officials condoned this harassment.

On December 7, 1991, AA suspended Criales while it investigated an allegation that he had filed a false expense report relating to his attendance at a training course in Chicago. Criales maintains that, at the hearing on his alleged misconduct, he tried unsuccessfully to assert his allegations of discriminatory harassment. Criales was terminated on December 20, 1991. On March 12, 1992, he and his union contested the termination before an arbitration panel, which upheld the dismissal.

Without the aid of counsel, Criales filed two administrative charges against AA alleging discrimination because of his national origin. The first charge, dated February 5, 1992, was filed with the Equal Employment Opportunity Commission ("EEOC") within the time allowed by Title VII. The EEOC transferred this charge for processing to the New York State Division of Human Rights ("NYSDHR"). After a number of months with no response, Criales filed a second similar charge, dated December 3, 1992, this time with the New York City Commission on Human Rights ("NYCCHR"); it was transferred for processing to the EEOC. The second charge was not filed within the time allowed by Title VII. These two charges each alleged discrimination on the basis of national origin, and were based substantially on the same allegedly discriminatory conduct. *Compare* Brief of Appellant, Exhibit B, *with id.*, Exhibit C. The EEOC dismissed the December 1992 charge because it was not timely filed, and issued a right-to-sue notice in connection with that charge on October 26, 1993.

On November 18, 1993, after receiving the right-to-sue notice based on the untimely December 1992 charge (but before receiving a right-to-sue notice on his timely charge), Criales filed a *pro se* complaint in the district court. Criales then retained counsel and amended his complaint in several respects, adding claims under 42 U.S.C. § 1981, and pendent state law claims of defamation and intentional infliction of emotional distress.

AA moved to dismiss the complaint for failure to state a claim. The district court granted the motion, ruling that Criales's Title VII claims must be dismissed because the underlying administrative charge (the one filed in December 1992) was not timely filed. *Criales v. American Airlines, Inc.*, 93 Civ. 5340 (E.D.N.Y. Nov. 17, 1994) (*"Criales I"*). The other claims were dismissed for various reasons that are not of significance to this opinion. On December 1, 1994, Criales, no longer represented by counsel, filed a *pro se* notice of appeal with this court.

Meanwhile, his first charge was making its way through the administrative process. As noted above, this timely charge had been referred by the EEOC for initial processing to the NYSDHR. On August 29, 1994, recognizing that Criales's complaint stemming from the second charge was being litigated in district court, the NYSDHR dismissed the timely charge for "administrative convenience" on the rationale that the litigation of the second charge in the district court would resolve all the issues raised in the first charge. On January 31, 1995, while his appeal was pending, Criales received a right-to-sue notice on the timely charge.

Apparently seeking to inform this court that he could now proceed on the timely charge, Criales attempted to append his right-to-sue notice on the timely charge to his appellate brief. AA moved to strike the right-to-sue notice from Criales's brief on the grounds that it had not been in the record below. Criales then moved to withdraw his appeal without prejudice so that he could, as he put it in his motion papers, "seek judicial remedy in the Eastern District of New York on the basis of a newly issued, timely 'Right to Sue' letter by the EEOC." AA opposed the motion, and it was denied by this court on May 26, 1995, in an order stating that Criales would be permitted to withdraw his appeal with prejudice. On August 8, 1995, this court granted Criales's *pro se* motion to withdraw his appeal with prejudice.[1]

Criales (represented again by counsel) then filed a new complaint in the district

---

1. Although Criales filed this motion *pro se*, he indicated at oral argument that he did so after receiving informal advice from his former attorney.

court based on the new right-to-sue notice granted on the first, timely charge. AA moved to dismiss the complaint. The district court granted the motion, ruling that Criales's claims of discrimination under Title VII were barred by res judicata. *Criales v. American Airlines, Inc.,* CV–95–1709, 1995 WL 669900 (E.D.N.Y. Nov. 6, 1995) ("*Criales II* "). The other federal claims were dismissed on various grounds, and the state claims were dismissed for lack of jurisdiction, by reason of the absence of a valid federal claim to which they could be appended.

This appeal followed.

## II. Discussion

■ The primary question raised by this appeal is as follows: Where a plaintiff filed two administrative charges alleging illegal discrimination under Title VII—one timely, the other untimely—and instituted suit upon the agency's delivery of a right-to-sue notice on the untimely charge, which suit was then dismissed by reason of the untimeliness of that charge, does that dismissal operate as an adjudication on the merits, barring the plaintiff from proceeding upon the timely charge? The district court believed it did. We disagree.

The prerequisites for a suit under Title VII include a timely filed administrative charge and timely institution of the suit after receipt of a right-to-sue notice. *See* 42 U.S.C. § 2000e–5(e)(1) (timely charge) & (f)(1) (right-to-sue notice); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Criales complied with both requirements. The only reason for the dismissal was that he had previously filed a suit, based on an untimely administrative charge, which suit was dismissed because of the untimeliness of the charge. Although the district court viewed the problem as one of untimeliness, it is more appropriately seen as one of prematurity. Had Criales waited to file his suit until receipt of the right-to-sue notice on the *timely* charge, there would have been no defect. The superfluous untimely administrative charge would have been irrelevant to Criales's right to proceed on his timely charge. His problem was that he filed the initial complaint without waiting for the issuance of the right-to-sue notice based on his timely charge.

■ Like any other dismissal for failure to exhaust administrative remedies, a dismissal of a Title VII action by reason of a plaintiff's failure to wait for a right-to-sue notice is not a bar to instituting the suit after the notice is delivered. *See, e.g., Johnson v. Nyack Hosp.,* 86 F.3d 8, 10 (2d Cir.1996) (noting district court's dismissal without prejudice for failure to exhaust administrative remedies); *see also Twitty v. Smith,* 614 F.2d 325, 335 n. 16 (2d Cir.1979) (dismissal for failure to exhaust state remedies is without prejudice). There is no reason why the result should be different here merely because plaintiff had filed a second administrative charge that was superfluous and untimely.

The district court believed the bar to suit was mandated by the terms of Rule 41(b) of the Federal Rules of Civil Procedure, which provides

Unless the court in its order for dismissal otherwise specifies, ... any dismissal ..., other than a dismissal for lack of jurisdiction, [or for other specified reasons not here pertinent] operates as an adjudication on the merits.

The district court noted that courts have found the administrative time limits of Title VII to be subject to equitable tolling and estoppel and have thus considered them to be "not jurisdictional." *Criales II,* 1995 WL 669900, at *6. The court thus concluded that the dismissal for untimeliness of the charge was not within the "lack of jurisdiction" exception of Rule 41(b), and that it operated as an adjudication on the merits.

The teachings of the Supreme Court in *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), require a different analysis and result. The Court there considered whether a district court's dismissal of a denaturalization action, because of the government's failure to file an affidavit of good cause, barred the government from filing a new complaint with the proper affidavit. The district court had not

designated the dismissal as jurisdictional, nor had it stated whether the dismissal was with or without prejudice. 365 U.S. at 268, 81 S.Ct. at 536. The Court ruled that, despite the district court's silence on the question, the dismissal was jurisdictional within the meaning intended by Rule 41(b), and thus without prejudice. 365 U.S. at 285, 81 S.Ct. at 544. The Court noted that the term "lack of jurisdiction" as used in Rule 41(b) was a term of art, 365 U.S. at 287, 81 S.Ct. at 546, encompassing failure to comply with statutory prerequisites, 365 U.S. at 285, 81 S.Ct. at 545. Writing for the Court, Justice Brennan referred to the exception in Rule 41(b) for certain enumerated dismissals that are without prejudice, and explained:

> We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.

365 U.S. at 285, 81 S.Ct. at 545. The origins of this exception, according to Justice Brennan, were in the common law rule that "dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim." *Id.* Justice Brennan noted that this principle had been applied at common law in many cases involving motions to dismiss by a defendant, and that Rule 41(b) did not alter this rule. He quoted *Hughes v. United States*, 71 U.S. (4 Wall.) 232, 237, 18 L.Ed. 303 (1866), accordingly: "If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." 365 U.S. at 286, 81 S.Ct. at 545.

Shortly thereafter, we interpreted *Costello* to mean that

> the preclusive effect afforded dismissals by Rule 41(b) was intended to apply only to those situations in which a defendant must incur the inconvenience of preparing to meet the merits of the plaintiff's claims because there is no initial bar to the court's reaching the merits as there would

be, for illustrative purposes, if there were a defect in pleadings or parties.

*Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir.1964); *see also Saylor v. Lindsley*, 391 F.2d 965, 967, 969 (2d Cir.1968) (in light of *Costello*, dismissal of derivative suit for failure to post bond, despite being labeled "with prejudice," did not bar subsequent suit by another stockholder because defendants were not required to prepare defense and court did not reach merits of plaintiff's substantive claim); *Papilsky v. Berndt*, 466 F.2d 251, 256–57 (2d Cir.) (similar), *cert. denied*, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 2373, at 405 (1995) ("[C]ourts have recognized that Rule 41(b) does not apply in situations in which a case is dismissed because of some initial bar to reaching the merits of the plaintiff's claims...."); 18 Charles A. Wright et al., Federal Practice and Procedure, Jurisdiction § 4437, at 347 (1981) ("In ordinary circumstances a second action on the same claim is not precluded by dismissal of a first action for prematurity or failure to satisfy a precondition to suit.").

Like the government's failure to file an affidavit of good cause in *Costello*, Criales's filing of a complaint based on an untimely underlying administrative charge, where he also had filed a timely charge upon which he had not yet received his right-to-sue notice, "simply constituted non-fulfillment of a prerequisite to the initiation of the proceedings." *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 713 (2d Cir.1977) (interpreting *Costello* ). AA had not been "put to the necessity of preparing a defense." *Costello*, 365 U.S. at 287, 81 S.Ct. at 546. Plaintiff had not yet fulfilled a statutory prerequisite to suit, but remained capable of fulfilling it. His suit was premature.

The district court's initial characterization of the first dismissal as being due to Criales's failure to satisfy a "statutory prerequisite[ ]" was entirely correct. *Criales I*, slip op. at 7, 8. The court described the dismissal in similar terms when it dismissed the Title VII claims in Criales's second complaint on res judicata grounds, stating that the first dismissal had been "predicated on a lack of a

statutory prerequisite...." *Criales II,* 1995 WL 669900, at *6. The court went on, however, to conclude that a dismissal predicated on lack of a statutory prerequisite was not based on a "lack of jurisdiction." *Id.*

In light of *Costello, Nasser,* and similar decisions, the district court was drawing a distinction where one should not have been drawn. Criales simply had failed to comply "with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Costello,* 365 U.S. at 285, 81 S.Ct. at 545. Because he remained capable of complying with that precondition by instituting his suit after receipt of the right-to-sue notice on the timely charge, the dismissal of the first complaint should not have been found to operate as an adjudication upon the merits and as a bar to the subsequent complaint filed after the precondition had been satisfied. It was a dismissal "for lack of jurisdiction" within the special meaning of that term in Rule 41(b), as explained in *Costello. See Truvillion v. King's Daughters Hosp.,* 614 F.2d 520, 524 (5th Cir.1980) ("Because a dismissal for failure to meet a condition for filing suit does not operate as an adjudication upon the merits, it cannot bar a subsequent suit between the parties.") (internal quotations omitted).

We recognize that the district court's dismissal of Criales's complaint arising from his untimely charge was styled as a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that dismissals under Rule 12(b)(6) are generally considered judgments on the merits, unless the court specifies otherwise. *See Federated Dep't Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981).

Nonetheless, we would not permit the choice of labels to distort substance, especially where the consequence would be so drastic as to deprive a party of the opportunity to be heard. Regardless whether characterized as a failure to plead the necessary elements of his cause of action, or as failure to comply with all the statutory prerequisites, the reason for the first dismissal was that plaintiff had not waited until receipt of the right-to-sue notice on his timely administrative charge. To consider it an adjudication on the merits of his discrimination complaint is a distortion.

Furthermore, some authorities hold that a Rule 12(b)(6) dismissal "will not bar a second action if new facts have come into existence or have been alleged for the first time and it was the absence of these facts that made the first complaint defective." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 2373, at 408 (1995) (citing cases). Here, the pertinent new fact was that Criales's second complaint was based on the EEOC's delivery of a right-to-sue notice upon Criales's timely charge.

The district court also noted that Criales had procedural means at his disposal either to compel the issuance of a right-to-sue notice on his timely complaint prior to the dismissal of his first action, or to convince the court to stay, rather than dismiss, the first action while awaiting the issuance of the right-to-sue notice on the timely charge. These observations were all true but, in our view, irrelevant to whether the dismissal of the initial action should have been considered an adjudication on the merits.[2] If anything, by stressing the simple procedural devices by which Criales might have avoided the drastic ruling, the district court's observations underscore the inappropriateness of denying him the opportunity to have his claim adjudicated. *Cf. Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) ("a technical reading [of Title VII] would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process'") (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

**2.** No contrary inference may be drawn from this court's denial of Criales's motion to withdraw his first appeal without prejudice. The prejudice in question related to the appeal of the first action. There was no suggestion that Criales's voluntary dismissal of the appeal should bar him from proceeding to file suit upon his timely charge, which is what he had told this court he intended to do.

We noted in *Fay v. South Colonie Central School District*, 802 F.2d 21, 29 (2d Cir.1986), that "[i]n properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive him of one." (quotation marks and citation omitted). Because plaintiff never had a day in court on his Title VII claims, and because his initial suit was dismissed by reason of a curable defect—his failure to satisfy a statutory prerequisite—we reverse the part of the judgment which held that res judicata barred those claims.[3]

We find no error in the district court's dismissal of the remaining federal claims. As to the pendent state claims, however, the district court dismissed these for lack of subject matter jurisdiction because there was no federal claim to which they could be appended. Our direction that Title VII claims be reinstituted nullifies the rationale for that ruling. The dismissal of the state claims is therefore also vacated.

### III. Conclusion

The portions of the judgment dismissing plaintiff's Title VII claims on grounds of res judicata and dismissing pendent state claims are vacated. The dismissal of the remaining federal claims is affirmed. The action is remanded for further proceedings.

MINER, Circuit Judge, concurring in part and dissenting in part:

Because I agree with the district court that Criales' Title VII claims are barred by res judicata, I respectfully dissent from so much of the majority opinion as vacates the judgment dismissing the Title VII claims and pendent state claims. I concur in the majority opinion to the extent that it dismisses the remaining federal claims.

The prior action brought by Criales was dismissed as to the Title VII claims for untimely filing of his second employment discrimination complaint with the EEOC. The majority opinion acknowledges that the dismissal of the Title VII portion of the complaint in that action was grounded in Criales' failure to state a Title VII claim, Fed. R.Civ.P. 12(b)(6), and that such a dismissal generally is considered a judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981).

My colleagues nevertheless see the dismissal of the prior action as being for lack of jurisdiction within the intendment of Fed. R.Civ.P. 41(b) and therefore without prejudice to the bringing of a new action based upon the earlier timely filing with the EEOC. This analysis is predicated in the main upon the decision of the Supreme Court in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In that case, the Court held that dismissal for the government's failure to file a statutorily required affidavit of good cause in a denaturalization action was for lack of jurisdiction under 41(b) and therefore without prejudice. There, the district court had not classified the dismissal as without prejudice or for lack of jurisdiction.

---

3.  *Samuels v. Northern Telecom Inc.*, 942 F.2d 834 (2d Cir.1991), does not require a different result. In that case, the plaintiff voluntarily dismissed his first action "with prejudice" and his stipulation to this effect was so ordered by the court. Under Rule 41(a) such a dismissal so ordered with prejudice acts as an adjudication on the merits.

In contrast, the dismissal of Criales's complaint did not arise under Rule 41(a); rather, it was an *involuntary* dismissal under Rule 41(b), imposed because of Criales's failure to wait for the right to sue letter on his first administrative complaint. By the terms of Rule 41(b), an involuntary dismissal is on the merits *unless it is a dismissal for lack of jurisdiction* (as well as other specified exclusions). As explained above, *Costello* makes clear that a dismissal in these circumstances (for failure to comply with a statutory prerequisite to suit) operates as a dismissal for

"lack of jurisdiction." Unlike the dismissal in *Samuels*, such a dismissal was not on the merits. Indeed, the judge did not say the dismissal was with prejudice. After the involuntary dismissal of his first action by reason of his failure to comply with the statutory prerequisite, Criales was free to file his second complaint without preclusion.

The dismissal "with prejudice" of Criales's appeal in his first action did not convert the prior dismissal of that action from one for lack of jurisdiction to one on the merits. The judgment of the district court remained what it was—a dismissal for lack of jurisdiction without preclusive effect. It could not be changed by the taking or dropping of an appeal. Thus, when Criales voluntarily dismissed *his appeal* from the first action with prejudice, that terminated *the first action*. It did not transform the dismissal from one for lack of jurisdiction to one on the merits.

Aside from the fact that the district court in the opinion giving rise to this appeal makes it clear that the dismissal of the previous action was not intended to have a jurisdictional basis, precedent compels us to arrive at the same result. The Supreme Court could not have been more clear on this subject:

> We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Whatever may have been the rule in *Costello*, it cannot be applied in a Title VII action involving untimely filing with the EEOC. It is because the "statutory requirement is analogous to a statute of limitations," *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir.1996), that dismissal for failure to comply with the requirement is a judgment on the merits. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896–97 n. 2 (2d Cir.1983) (holding that a dismissal on statute of limitations grounds is an adjudication on the merits for purposes of *res judicata* ).

Although the result envisioned by the foregoing is most unfortunate, it could have been avoided. Criales could have moved for a stay in the prior action in the district court pending receipt of the right-to-sue letter that resulted from the timely filing of his first administrative complaint. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 41 (2d Cir. 1992). In the alternative, Criales could have requested the district court to dismiss the prior action without prejudice to renewal upon receipt of the timely right-to-sue letter. Although Criales has conducted the bulk of this litigation as a *pro se* litigant, he did appear by counsel at various stages of the first action. Whether the fault is that of counsel or Criales himself, the failure to have considered these alternatives leaves Criales in his present bind.

Because the district court properly dismissed Criales' federal claims, it did not abuse its discretion in declining to exercise jurisdiction over his state law claims. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). Criales may bring his state claims in state court if he chooses to do so.