**XIANG JIN ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Board of Immigration Appeals, Respondents.**

No. 07–3765–ag.

United States Court of Appeals, Second Circuit.

Dec. 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Henry Zhang, Zhang and Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Xiang Jin Zheng, a native and citizen of the People's Republic of China, has filed a petition for review of an August 6, 2007 order of the BIA declining to reopen her deportation proceedings. *In re Xiang Jin Zheng,* No. A 073 177 441 (B.I.A. Aug. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I. *The BIA's April 2005 Decision*

■ Though she filed a petition for review that was timely as to the BIA's August 2007 order, Zheng also challenges an April 2005 BIA order, in which it reversed the decision of an immigration judge granting asylum. The government argues that this Court lacks jurisdiction to review the BIA's April 2005 decision. We agree. This Court has jurisdiction to consider "final" orders of removal in immigration cases, *see* 8 U.S.C. § 1252(a)(1), and we have held that "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal that this Court has jurisdiction to review." *See Alibasic v. Mukasey,* 547 F.3d 78, 83–84 (2d Cir.2008); *see also Arias Chupina v. Holder,* 570 F.3d 99, 103–05 (2d Cir.2009)(per curiam). Although Zheng filed a timely petition for review of the BIA's April 2005 decision, she withdrew it with prejudice. Because the current petition for review is timely only with respect to the BIA's August 2007 order, we lack jurisdiction to address the BIA's April 2005 decision. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that the Court treats each petition for review as challenging only the BIA decision from which it was timely filed); *Samuels v. Northern Telecom, Inc.,* 942 F.2d 834, 837 (2d Cir.1991) ("*Res judicata* may not be avoided on the basis of ... an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice."). Accordingly, Zheng's petition for review is dismissed to the extent she challenges the BIA's April 2005 order.

### II. *The BIA's August 2007 Order*

■ We review the BIA's denial of a motion to reopen for abuse of discretion.

*Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)(per curiam). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not abuse its discretion in denying Zheng's motion to reopen because she failed to demonstrate her *prima facie* eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). We have previously reviewed the BIA's consideration of evidence similar to that which Zheng submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels us to conclude, as Zheng argues, that the BIA ignored the evidence she submitted or the arguments she made, evidence and arguments the BIA is asked to consider time and again. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Finally, we decline Zheng's request to remand for the agency to consider evidence that was not in the administrative record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir. 2007); *see also* 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).