**NATIONAL ENTERPRISES, INC.,**
Plaintiff—Appellant,

v.

**STEWART TITLE GUARANTY,
COMPANY; Does 1–50,**
Defendants—Appellees.

No. 00–56094.

D.C. No. CV–99–01845–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON,
Circuit Judges, and POGUE, Judge \*.

---

\* Honorable Donald C. Pogue, United States    Court of International Trade Judge, sitting by

**520**

MEMORANDUM **

National Enterprises, Inc. (NEI) appeals the district court's grant of summary judgment in favor of Stewart Title Guaranty Co. and the denial of its motion to amend its complaint.[1] We have jurisdiction and we affirm.

All but one of the claims raised in NEI's complaint are identical to counter-claims NEI filed in Stewart's 1995 declaratory judgment action. The counterclaims were dismissed with prejudice by the district court as precluded by the lack of a valid coverage claim. NEI appealed the district court's dismissal of the coverage claim, and this court reversed that part of the district court's decision. However, NEI did not appeal the dismissal of its counterclaims, and because of that waiver we affirmed the dismissal with prejudice. Although we noted in dicta that the counterclaim was premature, the basis for affirming the district court was waiver. Thus, while NEI argues that there are no res judicata effects to dismissal of a claim brought prematurely, this was not the basis for the district court's dismissal. *See Marin v. HEW,* 769 F.2d 590, 593–594 (9th Cir.1985) (ruling that decision can be "on the merits" for res judicata without literally involving litigation on the issues). The claims were not dismissed "for lack of jurisdiction," *Criales v. American Airlines,* 105 F.3d 93, 97 (2d Cir.1997), or lack of a precondition requisite. *Costello v. United States,* 365 U.S. 265, 284–86, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). By the plain operation of Fed. R.Civ.P. 41(b), the dismissal had res judicata effect and summary judgment was appropriate.

The district court dismissed NEI's remaining claim that Stewart wrongfully

designation.

** This disposition is not appropriate for publication and may not be cited to or by the

abandoned its duty to represent NEI as a matter of law. NEI concedes that the court's disposition was correct, but raises for the first time a wholly different argument about Stewart's alleged abandonment of its duty to represent NEI's predecessor-in-interest. We decline to reach this issue as it was not raised in the district court. *Komatsu, Ltd. v. States S.S. Co.,* 674 F.2d 806, 812 (9th Cir.1982).

Finally, NEI appeals the district court's denial of its motion to amend the complaint. The district court did not abuse its discretion; the claim NEI sought to include would also be barred by res judicata and NEI offered no reason why it could not be raised earlier.

AFFIRMED.

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. NEI's request for judicial notice is granted.