**Eric DERAVIN, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF
JUSTICE, United States Immigration
and Naturalization Service and Theresa Regis, Defendants–Appellees.**

**Docket No. 01–6208.**

United States Court of Appeals,
Second Circuit.

July 25, 2002.

Eric Deravin, Jackson Heights, NY, pro se.

Jennifer Schantz, Deborah B. Zwany, Assistant United States Attorneys, Eastern District of New York; (Alan Vinegrad, United States Attorney, on the brief), Brooklyn, NY, for Appellees.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED and REMANDED with instructions.

Plaintiff Eric Deravin ("Deravin"), *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) granting summary judgment in favor of the defendants on Deravin's claims for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* Deravin brought suit against the Department of Justice, the Immigration and Naturalization Service ("INS"), and Theresa Regis, an INS employee, as a result of his termination from employment as a guard at Wackenhut, an INS detention center that contracts with the government to provide correctional services. The District Court assumed for purposes of deciding the defendants' motion for summary judgment that the INS was Deravin's "employer" for purposes of the ADEA, and granted the motion on the grounds that he failed to exhaust his administrative remedies.

We agree that Deravin failed to exhaust his administrative remedies, for substantially the reasons stated by the District Court in its August 14, 2001, opinion. As the District Court noted, however, a plaintiff's failure to timely comply with administrative filing deadlines is subject to the doctrine of tolling. In particular, 29 C.F.R. § 1614.105(a)(2) provides that a federal employee's failure to meet the 45–day deadline for filing a complaint with an EEO counselor after a discriminatory incident occurs shall be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . ."

On appeal, Deravin argues that he was unaware of the requirement that he pursue administrative remedies within the INS. The question of whether Deravin was aware of his remedies, and thus of the necessity of filing a complaint within 45 days of his termination, is closely linked to the issue of whether Deravin was a federal employee. In light of Deravin's *pro se* status, we deem it appropriate to remand to the District Court for a determination of whether Deravin's employment at Wackenhut rendered him a federal employee within the meaning of Title VII, and if so, whether his failure to file an EEO complaint within 45 days of his termination should be tolled on the basis that he was unaware of his administrative remedies.

While a plaintiff's failure to exhaust administrative remedies should typically, absent a defendant's waiver, result in a dismissal without prejudice, *see Criales v. American Airlines*, 105 F.3d 93, 95 (2d Cir.), *cert. denied*, 522 U.S. 906, 118 S.Ct. 264, 139 L.Ed.2d 190 (1997), here the interests of efficiency will be served by a remand to the District Court to determine Deravin's employment status, and assuming that question is resolved in Deravin's favor, whether his failure to timely comply with the applicable administrative filing deadlines is subject to tolling. *See Boos v. Runyon*, 201 F.3d 178, 183–85 (2d Cir. 2000).

For the reasons set forth above, the judgment of the District Court is hereby VACATED and REMANDED for further proceedings consistent with this opinion.